[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 17-15559
Non-Argument Calendar

————————————————

D.C. Docket Nos. 1:14-cv-03150-ODE,
1:03-cr-00659-ODE-CMS-1

EDWARD WILLIAMS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(June 25, 2019)

Before TJOFLAT, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Federal prisoner Edward Williams appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence, based upon enforcement of a collateral attack waiver. We granted a certificate of appealability on the following:

> Whether the district court erred by invoking Williams's collateral-attack waiver contained in his plea agreement without first providing him an opportunity to respond. *See Burgess v. United States*, [874 F.3d 1292] (11th Cir. 2017).

After review,[1] we hold that the district court did not err under *Burgess*, and affirm.

## I.   BACKGROUND

In September 2014, Williams filed a *pro se* motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, challenging his conviction for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii), 846. He subsequently filed a memorandum in support of his § 2255 motion and submitted exhibits to support his claims.

In July 2015, a magistrate judge ordered the government to respond to Williams' § 2255 motion. The Government filed its response, and, in its recitation of the facts, noted that Williams had pled guilty pursuant to a negotiated plea agreement, which included an appeal waiver and a collateral attack waiver. The Government then argued Williams' § 2255 motion should be denied on multiple grounds, but, notably, did not invoke the collateral attack waiver. In reply,

---

[1] We review *de novo* questions of law in a proceeding on a motion to vacate under § 2255. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).

2

Williams clarified and further addressed the merits of his claims. He did not respond to or address how the collateral attack waiver affected his claims.

On March 6, 2017, the magistrate judge issued an order stating the Government had omitted any discussion in its response of whether the collateral attack waiver should be enforced. The court noted that "it [was] unclear whether this omission reflect[ed] an intentional choice to decline to enforce that waiver." Accordingly, the magistrate judge ordered the Government to file a response to answer whether it intentionally declined to enforce the collateral attack waiver.

On March 9, 2017, the Government filed a supplemental response to Williams' § 2255 motion, stating it wanted to enforce the collateral attack waiver. It argued Williams' § 2255 motion should be dismissed because the district court, at the change-of-plea hearing, had explained the waiver to him, confirmed that he understood it, and determined his plea was voluntarily and intelligently made. It further argued Williams understood the full significance of the waiver and chose to enter into it.

On March 14, 2017, before Williams had an opportunity to respond to the Government's invocation of the collateral attack waiver, the magistrate judge issued her final report and recommendation (R&R), recommending Williams' § 2255 motion be denied because it was barred by his collateral attack waiver,

3

which was knowingly and voluntarily made,[2] and explicitly barred Williams' right to collaterally attack his sentence.

On March 16, 2017, Williams filed objections to the R&R, arguing the magistrate judge improperly invoked the collateral attack waiver on her own. He argued the Government had an obligation to present its own case, and by failing to invoke the waiver in its initial response to his § 2255 motion, it chose to abandon any argument it had relating to the waiver. He concluded the magistrate judge, in giving the Government "a second bite at the apple," acted in violation of his due process rights.

On April 6, 2017, Williams filed supplemental objections.[3] As to the waiver issue, he reiterated many of his prior arguments, but added that, when the magistrate judge issued an order that required the Government to state its position as to the waiver, she suggested that a certain answer by the Government would get a certain ruling. He again argued the magistrate judge improperly assisted the Government, giving the Government a "second bite at the apple of justice." He further argued the collateral attack waiver was not enforceable because the Department of Justice had a policy of not enforcing them as they relate to

---

[2] The magistrate judge stated the issue of whether Williams' plea was knowing and voluntary was previously decided by this Court in his direct appeal.

[3] Although his supplemental objections were untimely, the district court considered them because he previously had filed a request for an extension to time respond to the R&R.

ineffective assistance claims, and collateral attack waivers in general improperly create a conflict of interest between a defendant and his attorney.

On June 26, 2017, the district court adopted the R&R, over Williams' objections, and denied his § 2255 motion.  It determined the magistrate judge did not invoke the waiver *sua sponte*, but rather, directed the Government to state its position with respect to the waiver and left the decision of whether to invoke the waiver to the Government.  The district court determined the magistrate judge's request was consistent with the court's normal practice of asking parties to clarify what they were or were not arguing.  It also determined that Williams had not raised a non-waivable claim to which the waiver would not apply.

On July 12, 2017, Williams filed a motion for reconsideration, arguing, among other things, the Government did not need the magistrate judge to tell it to state its position because it had already implicitly stated its position, *i.e.*, that it wanted to abandon enforcement of the waiver.  He argued the district court had never directed him to state his position or otherwise helped him in his case against the Government, and so, it was improper for the court to direct the Government.

On November 16, 2017, the district court denied Williams' motion for reconsideration.  Williams timely appealed the denial of his § 2255 motion, and this Court granted a COA.

## II.  DISCUSSION

In *Burgess*, we held a district court may not *sua sponte* invoke a collateral attack waiver in a plea agreement; but, in a case where such a waiver exists, the court may ask the government to state whether it intends to rely on the waiver, and if the government chooses to enforce the waiver, the district court must give the prisoner an opportunity to respond and be heard on the issue.  874 F.3d at 1301.  In that case, a prisoner filed a § 2255 motion, and the district court directed the government to file a response.  *Id.* at 1294.  In response, the government did not assert any affirmative defenses and instead argued the merits of the prisoner's motion.  *Id.* at 1295.  The district court then invoked the collateral attack waiver on its own and denied the prisoner's § 2255 motion without giving the parties notice or asking the government whether it wanted to invoke the collateral attack waiver. *Id.*

We examined the issue under two lines of legal reasoning, specifically, the rules that applied to civil cases and the rules that applied to certain aspects of collateral review cases.  *Id.* at 1295-96.  We held the rules that applied to civil cases, namely, that a party is required to state any affirmative defenses in its response under Federal Rule of Civil Procedure 8(c), and that a party forfeits the defense if not raised under Federal Rule of Civil Procedure 12, govern.  *Id.* at 1296-97, 1299.  We noted, however, the government may amend its response to

include a defense, but in those cases where amendment would slow down the judicial process, the district court, pursuant to its inherent authority to manage its docket, may ask the government to state whether it intends to rely on the waiver, and if it decides to do so, the court must give the prisoner an opportunity to respond. *Id.* at 1301.

The district court did not err in denying Williams' § 2255 motion based on his collateral attack waiver. Although the district court could have handled Williams' motion in a more expeditious way and given him an opportunity to respond prior to the issuance of the R&R, it did not violate the two tenets of *Burgess*. First, the magistrate judge did not err when she invited the Government to state whether it intended to rely on the collateral attack waiver, even though she did so after the Government had filed its initial response to Williams' motion. *Burgess* recognizes a district court's inherent authority to manage its docket and expediently dispose of its cases and even acknowledges that, in some cases, it is preferable for the court to inquire, rather than wait for the Government to amend its response. *See id.* This reasoning undercuts Williams' argument the magistrate judge's invitation arrived too late because this Court envisioned those situations in which the Government may have filed its response without invoking the waiver, later requiring an amendment. *See id.* To the extent Williams argues that Judge Julie Carnes' concurring opinion in *Burgess* suggests a bright-line rule that a

7

district court must invite the Government's position on the waiver before the Government files its initial response, he is incorrect.  Judge Carnes instead states that, if the government fails to invoke the waiver in its initial response and later moves to amend, the district court, in appropriate circumstances, may allow it.  *See Burgess*, 874 F.3d at 1305-06 (Carnes, J., concurring).

Second, the district court gave Williams an opportunity to respond to the Government's decision to invoke the collateral attack waiver.  Although Williams did not have an opportunity to respond before the magistrate judge issued her R&R, he had the opportunity to respond before the district court affirmed and adopted the R&R.  In fact, Williams objected to the R&R on two occasions—on March 16, 2017, and April 6, 2017.  Between both sets of objections, he had the opportunity to object to the magistrate judge's invitation to the Government to assert the waiver defense and to argue the merits of whether his ineffective-assistance claims were barred by the collateral attack waiver.  Although his second set of objections was untimely, the district court considered those objections in its *de novo* review of the magistrate judge's R&R.  Because the district court conducted a *de novo* review of the magistrate judge's R&R after Williams had filed two sets of objections, Williams was not in a position of having to, figuratively, "chase a moving train after it had long departed the station," as he suggests in his reply brief.

8

Accordingly, the district court did not err under *Burgess*, and we affirm.

**AFFIRMED**.